CASE No. 1104.

HOWARD v. WOFFORD.

1. A testator, by his will, which was without any marks of punctuation, devised to his grandchildren "the tract of land that their mother now lives on * * * also at the death of my wife the tract of land that I have willed to my wife when they arrive at the age of twenty-one years they to have all the rents or other profits arising on the same after retaining a support for my sister-in-law H. to be paid her during the minority of my said grandchildren and it is my will if one of my said grandchildren dies before attaining to the age of twenty-one years the survivor is to have all If they both should die not being twenty-one years old my will is then that my executor sell the same" &c. *Held*, that the support of H. was a charge upon the tract of land which the grandchildren received at the death of testator's wife, but not upon the other tract.

2. Where A., by will, charged a support for his sister, H., on lands, the rents of which were received, or should have been received, by his executor, B., and after B.'s death, by B.'s executors as executors of A., a single action by H. cannot be maintained at law against the executors of B. for the moneys received by B., and against the same persons as executors of A., for the moneys received by them after B.'s death. And a general judgment against the same persons 'as executors of B., and as executors of A., cannot be sustained.

3. There being, in the case, some evidence of an agreement, a charge by the Circuit judge that he had "heard no evidence of an agreement which would operate as an estoppel to the plaintiff," was calculated to withdraw from the jury a question of fact, and, therefore, violated Article IV., § 26, of the constitution.

4. The tract of land chargeable with H.'s support being under the control of the executors, they, and not the devisees, were the proper parties defendant to this action.

---

Before THOMSON, J., Spartanburg, October, 1879.

Action by Sallie Howard against John W. Wofford and others. The opinion makes as full a statement of the pleadings as can be gathered from the brief, except that the demand for judgment in the complaint was "against the defendants for the said sum of two hundred and eighty-one dollars, and costs." In other particulars, the opinion sufficiently states the case.

*Messrs. Wofford & Jennings* and *J. S. R. Thomson*, for appellants.

*Messrs. S. T. McCravy* and *Bobo & Carlisle*, contra.

October 17th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. This case has grown out of the will of S. W. Tucker, late of Spartanburg county. The plaintiff, respondent, claims to be entitled to a support under the second and third clauses of this will, and this action has been instituted to obtain this support.

These clauses are as follows :

"ITEM 2 I give devise and Bequeath to my Beloved wife Laodicia Tucker the lower part of my plantation the part that I now Live on including the house and other buildings which part contains Three Hundred and Twelve acres to have for her own use during her natural Life also one negro man Jo and one negro woman Rachel and one negro man Jack also one negro woman and her child Tom during her natural life also one wagon and Harness and four mules she to choose them also my riding carriage also my Buggy and Harness also all my household and kitching furniture also all my cows hogs sheep and all my Books also all my Farming tools and gearing also my horse Charley and one years provisions also the interest that may

accrue on Twenty five Hundred dollars worth of Confederate State Bonds the same to be paid her six months after my death and hence annually during her natural life every six months as it may fall due

"ITEM 3 I give devise & bequeath to my Grand Children Children of Dr F M Tucker dect the tract of land that their Mother now lives on containing Two hundred & fifty one acres To wit Laodicia Tucker & J Nesbit Tucker also at the death of my wife the tract of land that I have willed to my wife when they arrive at the age of Twenty one years they to have all the rents or other profits arising on the same after retaining a Support for my Sister in law Sally Howard to be paid hir during the minority of my said grand children & it is my will if one of my said grand children dies before attaining to the age of Twenty one years the survivor is to have all   If they both should die not being twenty one years old my will is then that my executor sell the same & the proceeds to be divided amongst my legal heirs it is my will that they are not to have any part of the residue of my estate as I regard my lands as their full share of my estate with what I have heretofore given their Father"

S. W. Tucker died in 1871, his will bearing date in 1863. Harvey Wofford was appointed executor, who qualified in 1871 and died in 1877, leaving a will, in which the defendants were appointed executors, all of whom qualified, thereby becoming, by operation of law, the executors of the will of S. W. Tucker. The plaintiff was the sister-in-law of S. W. Tucker, and, we infer, lived in his family until his death.   After the death of S. W. Tucker, she lived with, and was supported by, his widow, on the land in which she had a life-estate, until the death of said widow in January, 1875.   This action was instituted by her in October, 1878, claiming the support allowed her in the third clause of the will above.

The caption of the complaint was as follows :  " Sallie Howard, plaintiff, against J. W. Wofford, Joseph L. Wofford and Benjamin Wofford, Jr., defendants, executors of the will of Harvey Wofford, deceased, who was executor of the will of Samuel W. Tucker, deceased."

The cáption of the summons was against these defendants as individuals, without the addition of the term "executor." The plaintiff claimed support from January, 1875, to the beginning of this action, at the rate of one hundred dollars per annum.

The answer alleged an agreement by plaintiff with one H. J. Kinard, and their testator, Harvey Wofford, by which plaintiff was to look to Kinard for her support—Kinard having rented the land chargeable with her support. It further alleged payment by Kinard, which, with the taxes, amounted to some sixty or seventy dollars per annum.

It was testified on the trial that plaintiff's support was worth one hundred dollars per annum, and that the annual rent of each of the tracts of land was worth that sum.

During the progress of the trial, on motion of plaintiff's counsel, the summons was amended so as to conform to the complaint, and the complaint was amended so as to allege a cause of action against the defendants as executors of the last will and testament of Samuel W. Tucker, deceased, by virtue of their office as executors of the will of Harvey Wofford, who was executor of the first testator.

The appellants requested the judge to charge that only the tract of land first mentioned in S. W. Tucker's will, that devised to his wife for life, was chargeable with plaintiff's support, and that the devisees, and not the executors of S. W. Tucker, were liable to plaintiff.

His Honor declined to charge as thus requested. He instructed the jury that, under the will of S. W. Tucker, both tracts were chargeable with plaintiff's support, and that the executors of S. W. Tucker were liable to the extent of the rents and profits of both tracts.

He further charged that he had heard no agreement made by the plaintiff which would estop her from recovering.

The jury returned a verdict of two hundred dollars for the plaintiff. After verdict the judge passed the following order:

"Ordered, that the plaintiff be allowed to amend her summons and complaint so that the summons shall state the cause of action to be against the defendants as executors of the last will

and testament of Harvey Wofford, deceased, who was the execu-
tor of the last will and testament of Samuel W. Tucker,
deceased, and so that the complaint shall contain allegations
against the said defendants as executors of the said Harvey
Wofford, deceased, as also against them as executors of the last
will and testament of Samuel W. Tucker, deceased, by virtue of
their office as executors of the executor of the said Samuel W.
Tucker, who was the first testator, and that the prayer of the
complaint be amended so as to conform to the allegations of the
amended complaint."

Upon this order and verdict, judgment was entered against
the defendants as executors of the will of Harvey Wofford,
deceased, and, also, as executors of the will of Samuel W.
Tucker, for the full amount of the verdict. The appellants'
exceptions question the correctness of the judge's charge as to
both tracts of land being chargeable with the plaintiff's support,
and as to the amendments whereby the action was allowed to
proceed against both estates, and judgment entered up against
both; also, that part of the charge in which the judge stated to
the jury that he had heard no evidence of an agreement which
would operate as an estoppel against the plaintiff.

Whether both tracts of land mentioned in S. W. Tucker's
will are chargeable with plaintiff's support is a question of inten-
tion, and depends upon the construction which shall be given to
the two clauses thereof herein above. The will bears internal
evidence that it was written by the testator himself. It is badly
punctuated, inartistically drawn, and, certainly, not free from
doubt as to its proper interpretation.

In our opinion, however, the judge was in error in charging
that both the tracts of land were chargeable with plaintiff's sup-
port. We think that the testator intended to confine this support
to the tract first mentioned—that devised to his wife for life.
The other tract had been in the possession of his son, Dr. F. M.
Tucker, during his life, and, at the time of the execution of the
will and at the death of the testator, was still in the possession of
the widow of Dr. Tucker, the mother of the two grandchildren,
Laodicia and J. Nesbit. These two grandchildren, we must

suppose, were especially the objects of the testator's bounty. They were much nearer to him in blood than the plaintiff, and it is hardly to be supposed that he intended to charge the entire estate devised to them with her support. She was living with him at the time of his death, and as he gave the tract of land upon which he lived to his wife during her life, no doubt he supposed that his wife would afford the plaintiff a support during her life, and when this life-estate fell in he intended that this tract should continue to support the plaintiff during the minority of his grandchildren.

It seems that the widow of the testator, during her life, up to 1875, when she died, did support the plaintiff. The plaintiff's claim commences at that date.

This, it appears, was the construction upon which the parties interested acted up to that time, and is in accordance with what we think is the true intent of the will. Any other construction, or, at least, that claimed by the respondent and charged by the judge, would result in depriving the daughter-in-law, the widow of his son, Dr. Tucker, and her two children, the testator's grandchildren, of all support during the minority of these two children for the benefit of his sister-in-law. This is unnatural, and we do not think that the testator could have intended this.

Next, as to the amendments permitted by the judge. It is difficult to determine from the statements in the brief whether the action at the beginning was against the defendants as individuals, or the estate of Harvey Wofford, or against the estate of S. W. Tucker.

The judge, however, by his order after the verdict, allowed it to stand as an action against both estates, and judgment was entered up against both, having, during the trial, allowed an amendment, so that the summons should conform to the complaint, and so that the "complaint should allege the cause of action to be against the defendants as executors of the last will and testament of S. W. Tucker, deceased."

If the respondent had any claim against the estate of Harvey Wofford it was because he, during his executorship from 1875 to 1877, when he died, had received the rents and profits of the

land chargeable with her support, or should have received them, and had failed to apply them as the will directed, and had also failed to account for these rents to the executors of S. W. Tucker, thereby committing a *devastavit.* This would probably have made the estate of Harvey Wofford liable to her as for so much money had and received to her use, but Harvey Wofford's estate could in no event be made liable for the support to which plaintiff was entitled after his death and after his executorship ceased. This action was begun in 1878, a year after the death of Harvey Wofford. The plaintiff recovered support up to the commencement of the action.

If she had a claim against the estate of S. W. Tucker, after the death of Harvey Wofford, running from 1875 to 1878, the commencement of the action, it must have been because the subsequent executors had received from the estate of Harvey Wofford the amounts which he had received during his life-time as belonging to plaintiff, and had failed to pay it over to her, or because after they had become executors they had failed to pay over to her the annual support accruing after that time. Both of these estates could not be liable for these claims at the same time.

They depend upon different facts, and require different defenses, and, yet, under the amendments allowed, they were united in one action, and each estate was held responsible. The code, in "furtherance of justice," is exceedingly liberal as to amendments, and in Section 196 very wide latitude is allowed on this subject, both before and after judgment. Irregularities, defects, mistakes as to the names of parties, in the statement of the cause of action, in the pleadings, in the evidence, or otherwise affecting the action really instituted, may generally be cured by amendments; but two actions against different parties and founded upon different facts and for different causes cannot be incorporated into one and be allowed to proceed together and result in a general judgment against both parties. This, it seems, has been the effect of the amendments in the case, and we think that the judge erred in the order which he passed after verdict.

The last exception assigns error to the judge, in that he

charged the jury that he had heard no evidence of an agreement which would estop the plaintiff from recovering. Whether any agreement had been made between the parties, as alleged in the answer, was a question of fact for the jury. The legal construction of such agreement, if made, would have been a question of law for the judge.

It does not fully appear whether the judge, in this instance, intended to · say that the agreement proved was, in law, no estoppel, or that there was no evidence proving any agreement.

His language, as stated in the brief, was, " that he had heard no evidence of an agreement which would operate as an estoppel to the plaintiff."

This was, however, in his charge to the jury, and whatever may have been his precise meaning it was calculated to withdraw from them the question of fact as to the existence of any agreement at all between the parties, and to that extent it had the effect of a charge upon the facts of the case, which the constitution forbids. Article IV., Section 26.

We see no error in the judge in declining to · charge, as requested by the appellant, that the devisees and not the executors were responsible. The tract of land chargeable with plaintiff's support was under the control of the executors until the majority of the grandchildren, and it was their duty, as executors, to see to the application of the rents and profits.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial.

McIver and McGowan, A. J.'s, concurred.